UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
FREDRICK M. SEMBLER,

                              Petitioner,

                                                       **ORDER**

-against-

                                                      07 CV 2493 (RJD)

ADVANTA BANK CORP.; ATTENTION FUNDING
TRUST a/k/a ATTENTION FUNDING & TRUST;
ATTENTION, LLC a/k/a WEST ASSET MANAGEMENT,
INC.; and SHARINN & LIPSHIE, P.C.,

                              Defendants.

-----------------------------------------------------------------x
DEARIE, Chief Judge.

By Order dated June 12, 2008, the Court found plaintiff's objection to Magistrate Judge Lois Bloom's Report and Recommendation ("Report") untimely and adopted the Report without qualification. Plaintiff responded by letter dated June 18, 2008, asserting that the objections were timely and requesting a pre-motion conference to discuss his anticipated motion for relief pursuant to Fed. R. Civ. P. 60(b). The Court waives the pre-motion conference, vacates its prior Order, and after carefully considering plaintiff's objections adopts the Report for the reasons set forth below.

### I.    Timeliness of Plaintiff's Objection

Excluding weekends and federal holidays, plaintiff's objection was filed eleven days after the entry of the report. According to Fed. R. Civ. P. 72(b)(2), objections to Magistrate Judge recommendations are to be filed within ten days of service. However, "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E),

or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). In this case plaintiff was served notice of the Report by email via the Court's Electronic Document Filing System. Fed. R. Civ. P. 5(b)(2)(E) contemplates service by "electronic means," which undoubtedly includes email. The Advisory Committee Notes to the 2001 amendments to Rule 5 address the provision of extra time under then Rule 6(e)—now 6(d)—and explain that:

> [e]lectronic transmission is not always instantaneous, and may fail for any of a number of reasons. It may take three days to arrange for transmission in readable form. Providing added time to respond will not discourage people from asking for consent to electronic transmission, and may encourage people to give consent.

Because plaintiff's complaint was filed before the filing deadline as calculated to include the additional three days, the Court's initial Order is vacated.

## II. Plaintiff's Objections

"The district court judge . . . shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made . . ." Fed. R. Civ. P. 72(b); see also 28 U.S.C. § 636(b)(1).

### A. Identity of the Defendants

Plaintiff objects to the characterization of defendants West Asset Management Inc. and Worldwide Asset Purchasing, LLC (collectively "West defendants") as the successor and owner respectively of Attention, LLC and Attention Funding Trust. Plaintiff asserts that the allegations made upon information and belief in his amended complaint regarding the identity of these entities "must be accepted as true for purposes of Defendants' motions." Pl.'s Objection, 1. Counsel to these defendants has since clarified the correct relationship between these parties and

2

those named by plaintiff. Because plaintiff does not provide any reason why the Court should disbelieve counsel's assertion, and fails to explain why the Report's reference has any substantive bearing on its ultimate holding, the Court finds this objection to be without merit.

### B. Fair Debt Collection Act

Plaintiff objects to the Report's recommendation that defendant Advanta Bank Corp.'s ("Advanta") motion to dismiss should be granted with respect to plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Specifically, plaintiff takes issue with the Report's conclusion that Advanta is not a "debt collector" pursuant to the FDCPA.

The FDCPA prohibits deceptive and misleading practices by debt collectors. 15 U.S.C. § 1692e. The statute defines debt collectors as "[i] any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [ii] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Plaintiff insists that the allegations made in his amended complaint are sufficient to bring Advanta within this definition. Plaintiff appears, however, to meld the two distinct sections of the disjunctive definition set out in 15 U.S.C. § 1692a(6). The portions of plaintiff's amended complaint that he claims properly portray Advanta as a debt collector detail Advanta's specific attempts to recover its debt from him. See Am. Compl., ¶¶ 10-14, 20-23, 37-41. Yet, these activities are explicitly exempted by 15 U.S.C. § 1692a(6). See also Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232, 235 (2d Cir. 1998) ("As a general mater, creditors are not subject to the FDCPA."); Carlson v. Long Island Jeewish Medical Center, 378 F. Supp. 2d 128, 130-31 (E.D.N.Y. 2005) ("[B]y its terms, the FDCPA . . . does not restrict the activities of creditors

3

seeking to collect their own debts."). Furthermore, plaintiff's assertion that "[u]pon information and belief, defendant Advanta regularly engages in debt collection activities," Am. Compl. ¶ 37, even when assumed to be true, is insufficient to establish that these activities constitute Advanta's "principal purpose." Oei v. N. Star Acquisitions, LLC, the lone non-binding authority relied upon by plaintiff to support his argument, Pl.'s Mem. in Opp. 16, is readily distinguishable because the complaint in that case made an explicit allegation that defendant was "a limited liability corporation doing business of collecting debts," 486 F. Supp. 2d 1089, 1097 (C.D. Cal. 2006). Any business that extends credit will inevitably, and perhaps even "regularly" become involved in the collection of debts. To adopt plaintiff's reasoning would require this Court to read out the explicit exemption provided by 15 U.S.C. § 1692a(6).

The one situation "recognized by the FDCPA when a creditor will be deemed a debt collector . . . . exists when the creditor attempts to collect its own debts by using 'any name other than his own . . .'" Carlson, 378 F. Supp. 2d at 131 (quoting 15 U.S.C. § 1692a(6)). Plaintiff argues that because Advanta hired debt collectors who used a name other than "Advanta" in the process of attempting to collect the debt, Advanta is guilty of attempting to collect its own debts by using a name other than his own. Pl.'s Objection, 2. However, "[i]n cases where a creditor collected its own debts by using a different name, thus implying that a third party was the debt collector, the creditor controlled almost all aspects of debt collection . . . or used an alias." Harrison v. NBD Inc., 968 F. Supp. 837, 843 (E.D.N.Y 1997) (citations omitted). Plaintiff has made no allegation that Advanta controlled any of the other defendants, or used them as an alias.

Plaintiff also claims that the other defendants acted as agents of Advanta and that "Advanta can be held vicariously liable if [it] is deemed to be a 'debt collector' under the

4

FDCPA." Pl.'s Objection, 3. This agency argument also fails. "The plaintiff has not cited, nor is this Court aware of, any cases wherein a creditor that 'approves' of a debt collector's practices is transformed into a 'debt collector' under the FDCPA." Harrison, 968 F. Supp. at 843. In addition to the fact that such indirect attribution runs counter to the plain meaning of the word "use" as it appears in 15 U.S.C. § 1692a(6), the only case cited by plaintiff in support of his vicarious liability theory is inapplicable. In Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994), the Ninth Circuit found that a defendant could be vicariously liable for his attorney's venue decisions under 15 U.S.C. § 1692i based on the specific statutory history of that particular provision. The Court sees no reason to apply that analysis to this case. For these reasons the Court adopts the Report's determination that Advanta is not a debt collector subject to the FDCPA and grants Advanta's motion to dismiss.

### C.     Supplemental Jurisdiction

Plaintiff objects to the recommendation that, in the event that plaintiff's FDCPA claims are dismissed, the Court "should decline to exercise supplemental jurisdiction over plaintiff's state law claims against Advanta," Report 7-8. Pl.'s Objection, 3. The Court disagrees and under the discretion provided by 28 U.S.C.A. § 1367(c)(2) declines to exercise supplemental jurisdiction over the remainder of plaintiff's claims against Advanta.

### D.     Second Amended Complaint

Plaintiff also objects to the recommendation that he should be required to file a Second Amended Complaint detailing his allegations against the West defendants. Pl.'s Objection, 3-4. The Court notes that in his response to defendants' motions to dismiss, plaintiff stated that "should the Court determine that any portion of . . . West Asset Defendant's Motion should be

granted, plaintiff submits that the appropriate course would be to allow Plaintiff to replead the specific item in question." Pl.'s Mem. in Opp., 5. Because plaintiff's complaints against defendant Advanta have now been dismissed; because the Court disagrees that "the submission of a Second Amended Complaint . . . would itself be in violation of both FRCP Rule 8 and this Court's own August 20, 2007 Order," Pl.'s Objection, 4; and because the Court finds that all parties could benefit from further clarification of plaintiff's remaining claims, the Court adopts the Report's recommendation on this point as well.

On July 1, 2008, plaintiff filed a Second Amended Complaint "under protest." West defendants then made a request to renew their motion to dismiss. This request is granted and the parties are directed to notify the Court once they have established a briefing schedule for this motion. Furthermore, to the extent that plaintiff's Second Amended Complaint continues to name Advanta as a defendant, the Court reiterates that all claims against Advanta are dismissed.

### III. Conclusion

For the reasons stated above the Court adopts Magistrate Judge Bloom's Report in its entirety and without reservations. Accordingly, defendant Advanta is dismissed from this action and the remaining parties are directed to inform the Court of their agreed-upon briefing schedule regarding defendants' motion to dismiss plaintiff's July 1, 2008 Second Amended Complaint.

SO ORDERED.

Dated: Brooklyn, New York
July 3/, 2008

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge