```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FREDERICK M. SEMBLER,

                        Plaintiff,                          REPORT & RECOMMENDATION
                                                                07 CV 2493 (RJD)(LB)
            -against-


ATTENTION FUNDING TRUST a/k/a
ATTENTIONFUNDING & TRUST;
ATTENTION, LLC a/k/a WEST ASSET
MANAGEMENT, INC.;
and SHARINN & LIPSHIE, P.C.,

                        Defendants.
----------------------------------------------------------X
```
**BLOOM, United States Magistrate Judge:**

Plaintiff brings this action alleging defendants violated his rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Plaintiff further alleges claims under New York state law for usury, breach of contract, libel, abuse of process, malicious prosecution, unlawful attachment, deceptive acts and practices, negligent supervision, as well as violations of unspecified Utah state law. Defendants West Asset Management, Inc.[1] and Worldwide Asset Purchasing, LLC[2] (collectively "West defendants"), move to dismiss plaintiff's second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).[3] The Honorable Raymond J. Dearie referred this motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the following reasons, it is respectfully recommended that defendants' motion to dismiss should be granted.

---

[1] West Asset Management, Inc. is successor to Attention, LLC and incorrectly sued as Attention, LLC a/k/a West Asset Management, Inc.

[2] Worldwide Asset Purchasing, LLC is owner of the Attention Funding Trust account that is the subject of this suit, replacing the dissolved defendant Attention Funding Trust.

[3] Defendant Sharinn & Lipshie, P.C. has answered the complaint.

## BACKGROUND

This is the West defendants' second motion to dismiss this action.[4] On the first motion, I recommended dismissal of all claims against defendant Advanta Bank Corporation, and that plaintiff should be ordered to file a Second Amended Complaint to clarify his claims against the remaining defendants. See Report and Recommendation ("R&R") dated May 21, 2008, document 54. The R&R was adopted. (Documents 57, 65.) Plaintiff filed his Second Amended Complaint on July 7, 2008, asserting substantially the same claims as those alleged in the First Amended Complaint. For the purposes of this motion, the Court assumes familiarity with the underlying facts of plaintiff's claim, as set forth in the prior R&R.

Defendants move to dismiss the complaint on the grounds (1) that the Second Amended Complaint fails to state a claim; and (2) that it fails to comply with the Court's Order regarding any amended complaint. Plaintiff opposes the motion and defendants reply.

## STANDARD OF REVIEW

When ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002)); Koppel v. 4987 Corp., 167 F.3d 125, 130 (2d Cir.

---

[4] This is also plaintiff's second civil action related to this matter. On March 22, 2004, plaintiff filed a separate claim against Advanta Bank Corp. and Phillips and Cohen Associates, Ltd. regarding a solicitation in "late March 2000" for a credit account with Advanta – the same set of facts underlying the instant action. See 04-cv-1193(RJD), complaint, ¶7, document 1. That action was withdrawn by plaintiff.

2

1999).  To survive a motion to dismiss, however, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 569.  If a plaintiff does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed."  Id.  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Plaintiff filed the original complaint as well as both amended complaints *pro se*.[5] While "[a] document filed *pro se* is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), that liberal construction does not apply here.  Plaintiff is an admitted attorney.  As "the rules afforded *pro se* litigants are not relaxed when that litigant is also an attorney," see Larsen v. JBC Legal Group, P.C., 533 F.Supp.2d 290, 295 n. 2 (E.D.N.Y. 2008), the Court will not construe plaintiff's pleadings liberally "to raise the strongest arguments they suggest."  Burgos, 14 F.3d at 790.  See also Leeds v. Meltz, 898 F.Supp. 146, 149 (E.D.N.Y. 1995), aff'd, 85 F.3d 51 (2d Cir. 1996) (*pro se* attorney not entitled to the liberality normally afforded *pro se* litigants).  Moreover, Carol Ann Crossett, an attorney from "The Law Office of Frederick M. Sembler, PLLC," entered a notice of appearance on plaintiff's behalf and appeared at

---

[5] In paragraphs 98 through 102 of the Second Amended Complaint, subtitled "class certification," plaintiff reserves the right to seek certification of this action as a class action against Advanta. However, no such request was made.  Moreover, the Court's July 31, 2008 Order states: "to the extent that plaintiff's Second Amended Complaint continues to name Advanta as a defendant, the Court reiterates that all claims against Advanta are dismissed." (Document 65 at 6.)

the March 12, 2008 status conference, prior to the filing of the Second Amended Complaint. Ms. Crosset also filed plaintiff's opposition to the instant motion.

## DISCUSSION

### I.   FDCPA CLAIMS AGAINST WEST DEFENDANTS

The FDCPA was enacted to prohibit debt collectors from engaging in abusive, deceptive, or unfair conduct. See 15 U.S.C. §1692, *et seq.*; Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2002) ("The FDCPA was passed to protect consumers from deceptive or harassing actions taken by debt collectors."). The West defendants do not dispute that they are "debt collectors" within the meaning of the statute, nor do they dispute that they are subject to the statute. Rather, they argue that plaintiff's Second Amended Complaint should be dismissed because it fails to state a claim upon which relief may be granted. Plaintiff's Second Amended Complaint alleges the following facts against the West defendants:

1. Beginning in 2004, plaintiff received "numerous communications" from West defendants concerning his purported debt to the Advanta Corporation, including letters and telephone calls to his home, and telephone calls and faxes to his office. (2d. Am. Compl. ¶¶ 35, 38, 39.)
2. Many of the telephone calls contained "various threats and warnings to Plaintiff . . . [and] sometimes addressed Plaintiff in an abusive and insulting manner." (2d. Am. Compl. ¶ 40.)
3. During many of the telephone calls, the caller would identify him or herself as belonging to West defendants' "litigation" or "legal" departments. (2d. Am. Compl. ¶ 41.)
4. "Some" of the letters and telephone calls either provided legal advice to plaintiff or "indicated that litigation had been or was about to be commenced . . . ." (2d. Am. Compl. ¶ 42.)
5. Plaintiff "informed" West defendants that he was "disputing the entire amount claimed to be due," and that he did not want to receive any further communications from them. (2d. Am. Compl. ¶ 43.) West defendants

4

   nevertheless continued to communicate with plaintiff regarding the debt. (2d. Am. Compl. ¶ 44.)
6.  West defendants called and spoke to persons working in plaintiff's office "concerning the Advanta Account . . . often making allegations against plaintiff." (2d. Am. Compl. ¶ 45.)
7.  West defendants sent faxes to plaintiff's office, which disclosed plaintiff's account number and asserted that a balance was due, and which was viewed by individuals other than plaintiff. (2d. Am. Compl. ¶¶ 46, 47.)

   Plaintiff's Second Amended Complaint doesn't comply with the Court's Orders. See documents 54, 57, 65. Moreover, the facts alleged against the West defendants fail to state a claim for violations of the FDCPA. See Twombly, 550 U.S. at 569. For example, plaintiff claims that defendants' communications contained "threats and warnings" or were "abusive and insulting." (2d. Am. Compl. ¶ 40.) The FDCPA prohibits conduct "the natural consequence of which is to harass, oppress, or abuse," 15 U.S.C. §1692d, threats of harm to one's person or reputation, 15 U.S.C. §1692d(1), or threats of legal action where there is no intention to take such action. 15 U.S.C. §1692e(5); see also U.S.C. §1692f(6)(prohibiting the threat of certain unjustified or unlawful non-judicial action). However, plaintiff does not specify the content or nature of the "threats," or how the threats allegedly violated the FDCPA. Moreover, plaintiff's claims that the communications were "abusive and insulting" is simply too vague and conclusory to state a claim under the FDCPA. Rather than identifying the content of the communications, plaintiff concludes that the communications were "abusive." Plaintiff cannot merely track the language of the statute without alleging accompanying facts in his pleading. Iqbal, 129 S. Ct. at 1949 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting

5

Twombly, 550 U.S. at 555)).

To the extent that paragraph forty-two of the complaint alleges that defendants threatened plaintiff with legal action without the actual intent to effect such action,[6] plaintiff fails to state a claim. See 15 U.S.C. §1692e(5)(prohibiting "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken"). The complaint later states that the West defendants employed the services of defendant Sharinn & Lipshie, P.C. for the purposes of seeking a judgment against plaintiff on the debt in state court. Taking action to collect a debt is not proscribed by the FDCPA. Plaintiff's acknowledgment that defendants actually pursued legal action against him belies his claim that defendants threatened legal action without to the intent to effect such action. Therefore, plaintiff's second amended complaint fails to state a claim.

Plaintiff also alleges that defendants continued to communicate with him after he informed defendants that he disputed the debt and wished to have no further contact. (2d. Am. Compl. ¶¶ 43-44.) Ongoing contact with a debt holder is permitted unless that debt holder informs the debt collector *in writing* that he wishes to cease further communications. 15 U.S.C. §1692c(c)(emphasis added); §1692g(b). Even upon such notification, certain communications with the debt holder are still allowed. 15 U.S.C. §1692c(c). Plaintiff fails to allege that he demanded in writing that the defendants cease communication. Without this, plaintiff fails to state a claim that defendants' ongoing communications were unlawful.

---

[6] At the March 11, 2008 pretrial conference, plaintiff's counsel claimed repeatedly that defendants threatened legal action without the intent to take such action. (Transcript of March 11, 2008 Pretrial Conference (document 51), 8-11.)

Plaintiff's final salvo alleges defendants communicated with individuals other than plaintiff "concerning the Advanta Account . . . often making allegations against Plaintiff." (2d. Am. Compl. ¶ 45.) He further alleges that faxes sent to plaintiff's office were viewed by individuals other than plaintiff. Id. ¶¶ 46-47. Though most communications by a debt collector with individuals other than the consumer are forbidden, see 15 U.S.C. §1692c(b), certain other communications are both permitted and necessary, see 15 U.S.C. §1692b(c)(allowing debt collectors to communicate with individuals other than the consumer for purposes of "acquiring location information"). Liability in this regard hinges not simply on whether defendants communicated with these individuals, but on the specific content of those communications. Plaintiff fails to detail who was called, the approximate dates of the calls, or—most importantly—the content of those calls. Plaintiff must do more than allege facts that are "'merely consistent with' a defendant's liability," Iqbal, 129 S. Ct. at 1949, or "speculative," Twombly, 550 U.S., at 555, he must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S., at 556)). Simply asserting the vague claim that defendants made "allegations against Plaintiff," to other individuals does not adequately state a claim under the FDCPA. Likewise, plaintiff's allegation that others may have read faxes addressed to plaintiff fails to state a claim. The allegation that the person who retrieved the fax sent to plaintiff at his office read the fax does not state a plausible claim against defendants in this matter.

The Court has afforded plaintiff two opportunities to amend his complaint to

7

plead a claim against defendants. The Court explained the deficiencies in plaintiff's pleadings at the conference and in the Report and Recommendation. The Second Amended Complaint—plaintiff's third attempt—again fails to state a claim. Accordingly, plaintiff's Second Amended Complaint against the West defendants for violations of the FDCPA should be dismissed for failure to state a claim upon which relief can be granted.

## II.    STATE LAW CLAIMS AGAINST WEST DEFENDANTS

Where a district court dismisses all federal claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367(c)(3). Whether to exercise supplemental jurisdiction is left to the discretion of the district court. See Matican v. City of New York, 524 F.3d 151, 155 (2d Cir. 2008). Moreover, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)).

Here, the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims against the West defendants, as plaintiff's federal claims against these defendants should be dismissed.

## CONCLUSION

Accordingly, it is respectfully recommended that the West defendants' motion to dismiss should be granted and plaintiff's action should be dismissed against these defendants.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F. 2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

                    /S/
                    LOIS BLOOM
                    United States Magistrate Judge

Dated: September 3, 2009
      Brooklyn, New York