UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FREDERICK M. SEMBLER,

                              Plaintiff,

                              **MEMORANDUM & ORDER**

        -against-

                              07 CV 2493 (RJD) (LB)

ATTENTION FUNDING TRUST a/k/a
ATTENTION FUNDING & TRUST;
ATTENTION, LLC a/k/a WEST ASSET
MANAGEMENT, INC.; and
SHARINN & LIPSHIE, P.C.,

                              Defendants.
-----------------------------------------------------------------X

DEARIE, Chief Judge.

On September 3, 2009, Magistrate Judge Lois Bloom issued a Report and Recommendation (Dkt. No. 79, "Report") with respect to the motion by defendants West Asset Management, Inc. and Worldwide Asset Purchasing, LLC (collectively "West defendants")[1] to dismiss plaintiff's second amended complaint. The Court has reviewed the Report as well as plaintiff's objections to the Report. For the reasons set forth below, the Court adopts the Report in its entirety.

---

[1] Plaintiff has objected to the Report's characterization of the corporate relationships of the West defendants (see Pl.'s Obj. ¶ 7, Dkt. No. 80). Not only does the Court reject plaintiff's objection as meritless, but we also note that this Court adopted without reservation Magistrate Judge Bloom's previous Report & Recommendation containing identical language (see Dkt. No. 54, n.1&2; Dkt. No. 57, 2-3).

I. **BACKGROUND**

A. **Plaintiff's Claims and Procedural History**[2]

Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), as well as various state law causes of action, arising out of defendants' efforts to collect plaintiff's outstanding balance on a credit card account he opened shortly after receiving a solicitation issued by Advanta Bank Corp. ("Advanta"), in or about late March 2000. After opening the account, plaintiff transferred a balance from another credit card and "made or authorized various other charges to the Account." (Second Am. Compl. ¶ 19.) Sometime after making these transactions, plaintiff learned that the interest rate charged on his balance was 25.50%, a rate which later increased to 34.99% per year. (Id. ¶ 21.) Beginning in 2004, plaintiff claims he received "numerous communications concerning the Advanta Account" from the West defendants, many of which "contained various threats and warnings." (Id. ¶¶ 35, 40.) In July 2006, Attention Funding Trust (the holder of the account at the time) obtained a default judgment against plaintiff in a collection action filed by defendant Sharinn & Lipshie.[3] The second amended complaint contains little information concerning the specific content of any of the allegedly threatening communications from the West defendants, and plaintiff has not attached any supportive documentation to his pleading or otherwise elaborated upon his allegations.

Plaintiff filed his initial complaint on June 20, 2007. (See Dkt. No. 1.) He filed an

---

[2]The parties are already familiar with the underlying facts relevant to the West defendants' motion, and the Court hereby incorporates the facts as set forth in the Report of September 3, 2009 (Dkt. No. 79), as well as Magistrate Judge Bloom's Report & Recommendation of May 21, 2008, addressing defendants' motion to dismiss plaintiff's first amended complaint (Dkt. No. 54).

[3]Defendant Sharinn & Lipshie, P.C., has answered the second amended complaint.

2

amended complaint on September 10, 2007, which Advanta and the West defendants moved to dismiss pursuant to Fed. R. Civ. P. 8 & 12(b)(6). (See Dkt. No. 36.) Magistrate Judge Bloom issued a Report & Recommendation, adopted in full by this Court, which recommended granting Advanta's motion and granting in part the West defendants' motion, allowing plaintiff leave to further amend his pleading. (See Dkt. Nos. 54, 57 & 65.) Plaintiff timely filed a second amended complaint, which the West defendants now move to dismiss pursuant to Fed. R. Civ. P. 8 & 12(b)(6). Magistrate Judge Bloom's Report issued on September 3, 2009. The plaintiff timely filed objections to the Report.

### B. The Report and Recommendation

The Court reviews *de novo* all recommendations to which a party has specifically objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Reynolds v. United States, 2007 U.S. Dist. LEXIS 94961, *2 (S.D.N.Y. Oct. 21, 2007). Where no party has objected, the Court reviews the Report's findings for clear error. 28 U.S.C. § 636(b)(1)(C). The Report recommended dismissal for all of plaintiff's claims. The Court agrees and adopts the recommendation.

## II. LEGAL STANDARD

In order to survive a motion to dismiss, plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007))(internal quotation omitted). In ruling on the motion to dismiss, the Court draws all reasonable inferences in plaintiff's favor. See Twombly, 550 U.S. at 555-56.

Plaintiff has objected to the Magistrate Judge's reliance on the Supreme Court's recent

amended complaint on September 10, 2007, which Advanta and the West defendants moved to dismiss pursuant to Fed. R. Civ. P. 8 & 12(b)(6). (See Dkt. No. 36.) Magistrate Judge Bloom issued a Report & Recommendation, adopted in full by this Court, which recommended granting Advanta's motion and granting in part the West defendants' motion, allowing plaintiff leave to further amend his pleading. (See Dkt. Nos. 54, 57 & 65.) Plaintiff timely filed a second amended complaint, which the West defendants now move to dismiss pursuant to Fed. R. Civ. P. 8 & 12(b)(6). Magistrate Judge Bloom's Report issued on September 3, 2009. The plaintiff timely filed objections to the Report.

### B. The Report and Recommendation

The Court reviews *de novo* all recommendations to which a party has specifically objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Reynolds v. United States, 2007 U.S. Dist. LEXIS 94961, *2 (S.D.N.Y. Oct. 21, 2007). Where no party has objected, the Court reviews the Report's findings for clear error. 28 U.S.C. § 636(b)(1)(C). The Report recommended dismissal for all of plaintiff's claims. The Court agrees and adopts the recommendation.

## II. LEGAL STANDARD

In order to survive a motion to dismiss, plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007))(internal quotation omitted). In ruling on the motion to dismiss, the Court draws all reasonable inferences in plaintiff's favor. See Twombly, 550 U.S. at 555-56.

Plaintiff has objected to the Magistrate Judge's reliance on the Supreme Court's recent

decision in Ashcroft v. Iqbal, 129 S. Ct. 1937 (May 18, 2009), decided after briefing concluded on defendants' motion, but before the Report issued. (See Pl.'s Obj. ¶ 5.) "While Iqbal amplifies and expands upon the Court's reasoning in Twombly, it introduces no new concepts," United States v. Lloyds TSB Bank PLC, No. 07-9235, 2009 U.S. Dist. LEXIS 67628, at *27-28 (S.D.N.Y. Aug. 4, 2009); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), such that plaintiff's objection, even if sustained, would not materially alter the Court's consideration of defendants' motion. Indeed, the Report relies principally on the guidance of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), while plaintiff cites Iqbal in support of his objections. (See Pl.'s Obj. ¶ 1) Plaintiff's objection is therefore without merit.

## III. PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION[4]

### A. Fair Debt Collection Act

Plaintiff claims that the second amended complaint "describes the content of the telephone calls and faxes to Plaintiff and to Plaintiff's office that are referenced therein in a manner sufficient to both notify Defendant and the Court of the circumstances given [*sic*] rise to

---

[4]The Court has considered and rejects two further objections, which will not be addressed below for want of relevant application to the West defendants' motion. First, plaintiff maintains that he is not prosecuting the instant action as a *pro se* litigant. The Report acknowledged as much by noting that plaintiff is himself a lawyer and by referring to attorney Carol Ann Crossett's recent appearance and filings on plaintiff's behalf. (See Report 3-4.) Consequently, the Magistrate Judge did not apply the more liberal pleading construction extended to non-attorney *pro se* litigants. (See Pl.'s Obj. ¶ 8; Report at 3-4 (citing Larsen v. JBC Legal Group, P.C., 533 F. Supp. 2d 290, 295 n.2 (E.D.N.Y. 2008).) Second, plaintiff argues that ¶ 101-02 of the second amended complaint reserves the right to seek class action certification against the West defendants as well as Advanta. (See Pl.'s Obj. ¶ 8; cf. Report 3 n.5.) While ¶ 101 does reference the alleged acts of the West defendants and defendant Sharinn & Lipshie as a possible "pattern of behavior" engaged in by these defendants against similarly situated individuals, the Report is correct to the extent that it clarifies, again, that Advanta is no longer a defendant in this case. (See Second Am. Compl. ¶¶ 98-100 (containing allegations relating to class action certification against Advanta only).) Plaintiff's objection is therefore inapposite.

Plaintiff's claims under the FDCPA . . . ." (Pl.'s Obj. ¶ 1.) He therefore objects to the Report's ultimate conclusion that the second amended complaint fails to state a claim and should be dismissed. (Id.) Upon *de novo* review of plaintiff's allegations the Court cannot agree. Rather than pleading the approximate number, date and content of the alleged improper communications by the West defendants, plaintiff simply asks the Court to infer that these communications occurred under circumstances that would constitute a violation of the FDCPA. In so relying, as the Report correctly concludes, he fails to raise his claims above the speculative level. See Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 556).

Plaintiff also objects to the Report for "fail[ing] entirely to consider Plaintiff's most serious allegations against West Defendants and Defendant Sharinn & Lipshie, P.C. . . . for violations of the FDCPA, concerning the Civil Court Proceeding brought by named Defendant Attention Funding & Trust." (Pl.'s Obj. ¶ 2.) This contention is wholly unfounded, for the Report specifically addressed that portion of the second amended complaint containing plaintiff's allegations under 15 U.S.C. §§ 1692e & 1692j. (See Report 6; Second Am. Compl. ¶¶ 50, 54-61, 62-66, 78.) Plaintiff has not by any measure succeeded in showing that the default judgment entered against him was "illegal" (see Pl.'s Obj. ¶ 2 (referring to "actions that Defendants took following the 'illegal' default judgment entered against Plaintiff")), or that the West defendants engaged in any activity proscribed under the cited provisions of the FDCPA. See Iqbal, 129 S. Ct. at 1949 ("[A] formulaic recitation of the elements of a cause of action will not do.") (quoting Twombly, 550 U.S. at 555).

The Court also rejects plaintiff's contention that the Report's rendition of the facts somehow favors the West defendants, rather than accepting plaintiff's well pleaded allegations as

5

true. (Pl.'s Obj. ¶ 3.) Plaintiff is incorrect in asserting that the Court must, under any circumstances, read between the lines of his pleading, inserting where necessary any stray fact required to state a claim. The previous orders issued by this Court clearly spelled out the form and even the general content of the support necessary to state a claim in this case.[5] (See Report & Recommendation, dated May 21, 2009, Dkt. No. 54, at 8-9.) Had plaintiff heeded these instructions, he would not now be asking the Court to render his claims adequate through unwarranted feats of creative interpretation.

E.  **Supplemental Jurisdiction**

Plaintiff objects to the recommendation that the Court "should decline to exercise supplemental jurisdiction over plaintiff's state law claims against the West defendants." (Report 8; Pl.'s Obj. ¶ 6.) Having dismissed all federal claims against the West defendants, however, the Court is not persuaded that exercising supplemental jurisdiction would be appropriate in this case, and therefore declines to do so. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966); Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) (citing Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."))

---

[5] To the extent plaintiff objects to the Report's observation that plaintiff failed to comply with Court orders (see Pl.'s Obj. ¶ 4), he only further evidences his inexcusable failure to address the central inadequacy of his earlier pleading: ". . .[T]he only aspects of the previous Report . . . with which the Second Amended Complaint *did not comply* were the recommendations that Plaintiff include numerous details concerning each of the communications described in the Second Amended Complaint and that Plaintiff attach evidence to the Second Amended Complaint in the form of numerous documents mentioned in the Prior Report and Recommendation." (Id. (italics added)) The objection is accordingly rejected.

## CONCLUSION

In light of the above, the Court adopts Magistrate Judge Bloom's Report & Recommendation in its entirety without qualification. All claims against the West defendants are accordingly dismissed.

SO ORDERED.

Dated: Brooklyn, New York

    September 23, 2009

                                        s/ Judge Raymond J. Dearie

                                        RAYMOND J. DEARIE
                                        United States District Judge